■ JOYCE LEONAKIS et al., Respondents, v STATE OF NEW YORK, Appellant.—In a claim sounding in negligence to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Lengyel, J.), dated February 13, 1985, as denied its motion to dismiss the claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The claimant Joyce Leonakis was injured when her bicycle skidded on ice on a bicycle path at Rockland Lake State Park. The park is located in a highly populated suburban community, and includes two golf courses, at least one swimming pool, and tennis courts.

The State seeks to dismiss the instant claim based upon its contention that General Obligations Law § 9-103 shields it from liability in the absence of any allegations of willful or malicious conduct. We disagree.

The Court of Appeals recently determined that General

Obligations Law § 9-103 does not afford immunity to a municipality in the maintenance of a supervised public park and recreational facility such as the one here *(see, Ferres v City of New Rochelle,* 68 NY2d 446). The court noted that the sole purpose of the statute is to encourage landowners to allow their properties to be used by the public for a limited number of outdoor recreational activities, and its contemplated application was to undeveloped or wilderness areas. The Court of Appeals rejected the suggestion that General Obligations Law § 9-103 provides for the drastic reduction in a municipality's responsibility in the operation and maintenance of its supervised parks, saying no discernible public interest would be served by such construction.

As in *Ferres (supra),* the park in question in the instant case is one in which the public is already encouraged to engage in recreational activities of all kinds, and the State has undertaken the duty that the law imposes in the operation and maintenance of supervised park facilities *(see, Preston v State of New York,* 59 NY2d 997). Under these circumstances, the application of General Obligations Law § 9-103 is unwarranted, and the Court of Claims properly denied the motion to dismiss. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.