■ LINDA MEYER, Appellant, v COUNTY OF ORANGE et al., Respondents.—Motion by the plaintiff for reargument or leave to appeal to the Court of Appeals from an order of this court, dated October 20, 1986, which, *inter alia,* affirmed a judgment of the Supreme Court, Orange County (Isseks, J.), dated April 11, 1985, which, upon granting the defendants' motion for summary judgment dismissing the plaintiff's second amended verified complaint and denying the plaintiff's cross motion to compel further disclosure, dismissed the second amended verified complaint on the merits.

Ordered that the motion is granted to the extent of granting reargument, upon reargument, this court's decision and order dated October 20, 1986, is recalled and the following decision and order is substituted therefor, and the motion is denied in all other respects:

In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Isseks, J.), dated January 23, 1985, which granted the defendants' motion for summary judgment dismissing her second amended verified complaint and denied her cross motion to compel further disclosure, and (2) a judgment of the same court, dated April 11, 1985, which dismissed the second amended verified complaint on the merits.

Ordered that the appeal from the order dated January 23,

1985, is dismissed *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]); and it is further,

Ordered that the judgment is reversed, on the law, the order dated January 23, 1985, is vacated, the defendants' motion for summary judgment is denied, and the plaintiff's cross motion to compel further disclosure is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On January 25, 1982, the plaintiff's decedent, while operating a snowmobile in Winding Hills Park, a public park owned and maintained by the defendant County of Orange (hereinafter the county), collided with a metal chain which had been suspended across a road by county employees. As a result of the collision, the plaintiff's decedent died. The plaintiff then commenced this action to recover damages for personal injuries and wrongful death, and Special Term subsequently granted summary judgment in favor of the defendants based upon the limitation on landowners' liability found in General Obligations Law § 9-103, and dismissed the plaintiff's second amended verified complaint. We conclude that reversal is required pursuant to the recent decision of the Court of Appeals in *Ferres v City of New Rochelle* (68 NY2d 446).

General Obligations Law § 9-103 exempts landowners who permit their property to be used for certain specified recreational activities from liability for injuries sustained on the property unless, *inter alia,* there is a "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity" (General Obligations Law § 9-103 [2] [a]; *see, Sega v State of New York,* 60 NY2d 183). In *Ferres v City of New Rochelle (supra),* the Court of Appeals held that the limitation of liability created by the statute is not available to a municipality which owns, operates and holds open to the public a recreational park area. Observing that the purpose of General Obligations Law § 9-103 is "to encourage landowners to allow their properties to be used by the public for a limited number of outdoor recreational activities" *(Ferres v City of New Rochelle, supra,* at 452), the court concluded that the application of the statute to a situation where a municipality supervises the park and opens it to the public for general recreational activities would result in a "drastic reduction in a municipality's responsibility in the operation and maintenance of its supervised parks, and [would serve] no

discernible public interest" *(Ferres v City of New Rochelle, supra,* at 453-454). Moreover, the court reasoned that if the provisions of General Obligations Law § 9-103 were to apply to municipal parks, an arbitrary and unacceptable distinction would arise between the duty of care owed to one who enters the public park to engage in an activity listed in the statute (i.e., liability imposed only for willful or malicious conduct) and that owed to one who enters the park for some other purpose (i.e., liability imposed for mere negligence) *(see, Ferres v City of New Rochelle, supra,* at 454).

In light of the foregoing principles, we find that the statute is inapplicable to the present case. It is undisputed that Winding Hills Park is routinely patrolled, maintained, and supervised by the county. Moreover, the existence of diverse recreational facilities upon the property clearly demonstrates that the park is held open to the public for the pursuit of some activities other than those specified in General Obligations Law § 9-103. Hence, the application of the statute herein would foster an unreasonable result by requiring the county to observe different standards of care with respect to various park visitors depending upon the nature of the activity for which they entered the premises. We therefore conclude that General Obligations Law § 9-103 "does not afford immunity to a municipality in the maintenance of a supervised public park and recreational facility such as the one here" *(Leonakis v State of New York,* 126 AD2d 706, 707).

We additionally note that the court of first instance denied the plaintiff's cross motion to compel further disclosure by virtue of its application of the aforementioned statute to the case. Because we now hold that the statute is not applicable and that the plaintiff may base her claims upon a theory of ordinary negligence, we remit the cross motion to the Supreme Court, Orange County, for further consideration and a decision on the merits. Mollen, P. J, Lawrence, Kunzeman and Kooper, JJ., concur.