KATHLEEN L. PUTRINO, as Administratrix of the Estate of CARMIN R. PUTRINO, Deceased, Appellant-Respondent, v BUFFALO ATHLETIC CLUB, Respondent-Appellant. [598 NYS2d 648] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, as Administratrix of the Estate of Carmin R. Putrino (decedent), commenced this action seeking damages for wrongful death and conscious pain and suffering. Decedent suffered a fatal heart attack while participating in an aerobics class on March 1, 1985 at the Buffalo Athletic Club. Upon completion of discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion in part. Both parties appeal.

Supreme Court erred in failing to grant defendant's motion for summary judgment in its entirety and to dismiss the complaint. Defendant made a prima facie showing of entitlement to summary judgment with regard to plaintiff's claims that it was negligent in conducting the aerobics class and the manner in which emergency treatment was performed on decedent before the rescue squad arrived. In order to defeat defendant's motion, it was incumbent upon plaintiff to submit evidentiary proof in admissible form to establish the existence of a material issue of fact with regard to those claims (see, Frank Corp. v Federal Ins. Co., 70 NY2d 966). With respect to the former, plaintiff failed to establish that defendant's duty in conducting its aerobics class required any of the additional actions alleged by plaintiff. Moreover, plaintiff failed to establish that any alleged deficiencies in the manner in which the class was conducted were the proximate cause of decedent's death (see, Akins v Glens Falls City School Dist., 53 NY2d 325, 333, rearg denied 54 NY2d 831; Becker v Schwartz, 46 NY2d 401, 410; Ehlinger v Board of Educ., 96 AD2d 708).

With respect to the latter, defendant's proof established that its determinations to defer to the superior medical training and experience of nurse Rene Goldberg, to call 911 immediately and to send someone to the first floor to direct the emergency personnel to decedent, were proper and reasonable. In response to that showing, plaintiff failed to submit evidentiary proof in admissible form that defendant was in any way negligent or that anything defendant did or failed to do before

the arrival of the rescue squad caused or contributed to decedent's death. Plaintiff's mere conclusory assertions and unsubstantiated allegations are insufficient to defeat defendant's motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In all other respects, we affirm Supreme Court's order for reasons stated in its decision.

All concur except Balio and Davis, JJ., who dissent in part in the following Memorandum.

Balio and Davis, JJ. (dissenting). We respectfully dissent in part. We agree with the majority that Supreme Court properly granted defendant's motion for summary judgment dismissing those claims enumerated "(1)", "(2)" and "(3)" in the first ordering paragraph of Supreme Court's order. In our view, under the circumstances of this case, defendant owed decedent a duty of reasonable care *(see, Basso v Miller,* 40 NY2d 233, 241) and plaintiff demonstrated the existence of material issues of fact whether defendant breached that duty by failing (1) to evaluate decedent's medical profile form properly and to screen and test him properly to determine whether he was at risk for strenuous exercise, (2) to have a supply of oxygen in the room where decedent was participating in an aerobics class, and (3) to have an instructor trained in cardiopulmonary resuscitation conduct the aerobics class on the day of decedent's fatal heart attack. Moreover, we conclude that the evidence adduced by plaintiff was sufficient to raise triable issues regarding foreseeability, and thus requires denial of summary judgment. Therefore, we would modify the order of Supreme Court to deny defendant's motion for summary judgment dismissing those claims enumerated "(4)", "(5)", and "(6)" in the first ordering paragraph of Supreme Court's order. In all other respects, we would affirm the order of Supreme Court. (Appeals from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present— Denman, P. J., Pine, Balio, Lawton and Davis, JJ.