[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
FACTS
The plaintiffs, Laura Maynard, a minor, and Diana Maynard, her mother, instituted this action per power of attorney (PPA) against the defendants, the City of New London and its employee, Walter Condon, by filing a four count complaint on December 17, 1992. The complaint alleges that Laura Maynard, three years old at the time of injury, December 9, 1990, cut her hand on a broken ceramic water fountain while a spectator at a basketball game being played in the Richard Martin Center in New London, a building owned and maintained by the defendants. The Richard Martin Center allegedly houses a senior citizen's center in addition to the basketball court.
The first count of the plaintiffs' complaint seeks indemnification from New London under General Statutes §7-465 for the negligence of its employee, Condon. The second count alleges that New London "created and maintained" a nuisance. The third count of the complaint alleges the negligence of Condon, the janitor responsible for maintaining the water fountain. The final count alleges that Diana Maynard, the injured minor plaintiff's mother, is responsible for costs associated with the injury. Both plaintiffs seek money damages.
The defendants filed an amended answer on August 15, 1994 in which they admitted Condon was "at all times acting in the performance of his duties within the scope of his employment as a municipal employee." Additionally, the defendants assert four special defenses: qualified governmental immunity, failure to properly plead nuisance, plaintiff's primary negligence was the proximate cause of her injury, and immunity pursuant to General Statutes § 52-557g (Recreational Use Statute). The plaintiffs deny all four special defenses.
The plaintiffs complied with the statutory notice provisions in General Statutes § 7-465 by timely delivering written notice of the intention to commence this action to the New London city clerk on June 6, 1991. CT Page 794
The defendants now move the court for summary judgment against the entire complaint on two independent grounds. The defendants first claim that they are entitled to summary judgment based on governmental immunity. Alternatively, they claim that the Recreational Use Statute, General Statutes § 52-557g, protects them from liability. The defendants seek summary judgment against the nuisance count, count two, on the additional ground that the plaintiffs failed to properly allege nuisance against the municipality according to our common law. Specifically, the defendants claim the plaintiffs did not allege the positive act performed by the City of New London which created the defective condition of the water fountain. The defendants offer no affidavits or other evidence, outside the pleadings, to support their motion for summary judgment.
DISCUSSION
The standard for considering a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . the test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell,214 Conn. 242, 246-47, 571 A.2d 116 (1990).
The defendants, the City of New London and Walter Condon, move this court for summary judgment on the ground that they are granted qualified governmental immunity. In their memorandum of support, New London and Condon argued that the alleged negligent act or omission required the "exercise of judgment or discretion" and therefore concluded that the governmental duty was discretionary, not ministerial, and that it was entitled to claim the defense of governmental immunity. The plaintiffs counter this argument in their memorandum of opposition by claiming the negligent act or omission was merely ministerial. CT Page 795
Although the plaintiff does not rely on the expressed language of General Statutes § 7-465, the statute is dispositive. New London's liability is contingent on the judgment against its employee, Condon, under General Statutes 7-465(a). See Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987). Additionally, the statute, § 7-465, expressly denies the governmental immunity defense. General Statutes § 7-465(a) provides in pertinent part: "Any . . . city . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for . . . physical damages to person . . . if the employee, at the time of the occurrence . . . was acting in the performance of his duties and within the scope of his employment, and if such occurrence . . . was not the result of any wilful or wanton act of such employee. . . . Governmental immunity shall not be adefense in any action brought under this section . . . ." (Emphasis added.)
The plaintiff brings two counts which are relevant when considering General Statutes § 7-465. Count three alleges negligence on the part of the municipal employee, the janitor Walter Condon. Count one alleges that the defendant City of New London must indemnify Condon in accordance with General Statutes § 7-465, should he be found liable for his negligence.
"The [common law] doctrines that determine the tort liability of municipal employees are well established. . . . Although historically `[a] municipality itself was generally immune from liability for its tortious acts at common law . . . [municipal] employees faced the same personal tort liability as private individuals.'. . . Over the years, however, `[t]he doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees.'. . . Generally, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . In contrast, `[m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. (Citations omitted; internal quotation marks omitted.) Mulliganv. Rioux, 229 Conn. 716, 727, 643 A.2d 1226 (1994). CT Page 796
Both parties vigorously argue the nature of the act or omission. The defendants argue that their action or omission is discretionary as opposed to ministerial. The defendants then presuppose that the act is discretionary and rely on the line of cases that hold that a governmental entity is immune from liability except in three narrowly defined situations. The defendants claim that the doctrine of governmental immunity insulates them from liability and defines the act it claims to be discretionary as the decision to either repair or not repair the cracked water fountain. The plaintiffs are equally assertive in claiming that the decision to attend to the defective water fountain was purely ministerial, which prevents the defendants from relying on the defense of qualified governmental immunity.
The determination of whether an act or omission is discretionary or ministerial is usually a factual question for the jury. Gauvin v. City of New Haven, 187 Conn. 180, 186,445 A.2d 1 (1982). But see Kolaniak v. Board of Education,28 Conn. App. 277, 281-82, 610 A.2d 193 (1992) (all voluntary acts require preceding thought process and decision by the actor and appeals court concluded that it was proper for the trial court to decide the duty was ministerial as a matter of law) and Redfearn v.Ennis, 28 Conn. App. 398, 401, 610 A.2d 1338 (1992) (zoning officer's inspection discretionary as a matter of law).
Genuine issues of material fact exist over whether the duty to attend to the broken water fountain was discretionary or ministerial. In Kolaniak, the accumulation of ice and snow on the sidewalk was sufficient to make the duty to sand, salt or shovel a ministerial duty in light of the job description of and directives issued to the maintenance workers. It is a factual issue whether the damage to the water fountain was extensive enough to transform an otherwise discretionary duty into a purely ministerial duty. Consequently, the defendants' motion for summary judgment based on governmental immunity is inappropriate and is hereby denied.
In moving for summary judgment on the plaintiffs' entire complaint, the municipal defendants argue alternatively that they are immune from liability pursuant to General Statutes §52-557g (Recreational Use Statute). The defendants claim in their memorandum of support that because the building was "on land owned by the defendant [City] and made available for this particular recreational purpose without fee or charge" that General Statutes § 52-557g relieves them from liability. The CT Page 797 plaintiffs argue that this interpretation of the statute "stretches it out of existence," but otherwise fail to provide any authority to support their proposition.
Section 52-557g of the General Statutes states in pertinent part: "(a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes."
The issue in the case at bar is whether the City of New London, which owns, operates, supervises activities in and maintains the premises of a municipal building housing a basketball court, in addition to at least one other non-recreational use (senior citizen's center), may claim immunity from liability under General Statutes § 52-557g for that portion of the building being used by the public without charge for recreational purposes at the time of injury. This issue appears to be one of first impression in Connecticut.
The plaintiffs and defendants each cite Manning v. Barenz;221 Conn. 256, 603 A.2d 399 (1992); Scrapchansky v. Town ofPlainfield; 226 Conn. 446, 627 A.2d 1329 (1993); and Williams v.City of Waterbury; 12 Conn. L. Rptr. 5 (July 18, 1994) (Sylvester, J.). The defendants cite them for the proposition that the Recreational Use Statute applies in the instant case. The plaintiffs cite them in an attempt to distinguish them from the instant case. The crucial distinguishing factor is that under the facts of those cases, the municipality unquestionably owed no duty to the plaintiff. These cases are distinguishable from the instant case. Both Manning and Scrapchansky involved unsupervised outside parks accessible at all times to the public. The Richard Martin Center, however, has limited accessibility to the public and is supervised during use by the City of New London. In their memorandum of support, the defendants state the "game was part of a free basketball program provided by the City of New London and sponsored by its Parks and Recreation Department." (Defendants' memorandum of support, p. 11). Williams is also distinguishable from the instant case. In Williams, the plaintiff did not file opposition papers nor did he argue in opposition to the motion for summary judgment. The plaintiffs in this case have done both, CT Page 798 and although very inartfully drafted, argued in their memorandum in opposition that the Recreational Use Statute should not be extended to include this specific factual situation.
The court finds that General Statutes § 52-557g, the Recreational Use Statute, is not available to the City of New London. The purpose of the Recreational Use Statute is to encourage landowners to allow their properties to be used by the public for general recreational purposes. See Genco v.Connecticut Light and Power Co., 7 Conn. App. 164, 168-69,508 A.2d 58 (1986) (citing legislative history and purpose of §52-557g). In a recent New York case, the court stated that "the limitation of liability created by the [recreational use] statute is not available to a municipality which owns, operates and holds open to the public a recreational park area." Meyer v. County ofOrange, 129 App.Div.2d 688, 514 N.Y.S.2d 450, 452 (1987). If the provisions of our Recreational Use Statute applied to municipal buildings maintained by the city and held open to the public, an arbitrary and unacceptable distinction would arise between the duty of care owed to one who enters the public building to engage in a recreational activity and that owed to one who enters the building for some other purpose. It is undisputed that the Richard Martin Center is maintained and held open to the public by the defendant City of New London. Nothing in the wording or history of General Statutes § 52-572g supports the defendants' construction which "results in a drastic reduction in a municipality's responsibility in the operation and maintenance of its supervised [buildings], and serves no discernible public interest . . . ." Ferres v. City of New Rochelle, 68 N.Y.2d 446,502 N.E.2d 972, 510 N.Y.S.2d 57, 62 (1986). "It would be contrary to reason to assume that the legislature could have intended that the statute apply in circumstances where neither the basic purpose, nor, indeed, any purpose could be served." Lee v. LongIsland Railroad, 611 N.Y.S.2d 296, 297, ___ N.E.2d ___ (1994) citing Ferres v. City of New Rochelle, supra, 68 N.Y.2d 446,451-52. The New York courts' reasoning is persuasive and directly addresses the issue currently before this court. Accordingly, the court declines to apply the recreational use immunity statute to the present case and therefore denies the municipal defendants, motion insofar as it seeks summary judgment on the plaintiffs' entire complaint pursuant to General Statutes § 52-557g.
The defendants next assert that the plaintiffs failed to properly allege with precision the manner that the municipality broke or otherwise rendered the water fountain a nuisance and CT Page 799 they seek summary judgment against the second count of the complaint. The plaintiffs counter with the assertion that they show control by the municipal defendants, the absence of action by third parties and that their complaint alleging that the defendants created and maintained a nuisance is sufficient.
"Under the applicable common law . . . a municipality is liable for maintaining a nuisance only if, in fact, the municipality both created and maintained the nuisance by some positive act." Starr v. Commissioner of Environmental Protection,226 Conn. 358, 388, 627 A.2d 1296 (1993). Furthermore, the "failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability in nuisance upon a municipality." Lukas v. NewHaven, 184 Conn. 205, 210, 439 A.2d 949 (1981).
The municipal defendants, however, move this court for summary judgment and, therefore, have the burden to present evidence that shows the absence of material fact and their entitlement to judgment. See Suarez v. Dickmont Plastics Corp.,
supra, 229 Conn. 99, 105. The defendants have produced no evidence, either by way of affidavit or otherwise, to support their motion for summary judgment. The plaintiffs, however, have stated a prima facie case of nuisance against the defendants. The complaint alleges that the nuisance was "created by the actions of the municipality and or its municipal employee and maintained by said municipality . . . ." The affidavits submitted in opposition suggest possible ways the defendant may have created the condition, control of the water fountain by the municipality and unlikely damage to the water fountain by third persons. Therefore, a genuine issue of material fact exists over who created the defective condition of the water fountain. The defendants failed to meet their burden of showing the absence of issues of fact. Therefore, summary judgment against count two is inappropriate.
CONCLUSION
The court hereby denies the defendants' Motion for Summary Judgment directed against the plaintiffs' complaint on all grounds. CT Page 800