■ DAVID CONWAY, Appellant, v DEER PARK UNION FREE SCHOOL DISTRICT No. 7 et al., Respondents. (And a Third-Party Action.) [651 NYS2d 96] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered August 23, 1995, which, upon an order dated May 4, 1995, granting the defendants' respective motions for summary judgment, dismissed the complaint. Pursuant to a decision and order on motion of this Court dated December 19, 1995, the plaintiff's notice of appeal from the order dated May 4, 1995, was deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff was allegedly injured during a softball game when he slipped on a sewer lid while running for a fly ball.

In general, voluntary participants in sports activities may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of their participation *(see, Turcotte v Fell,* 68 NY2d 432). The risks assumed include those arising from the condition of the field *(see, Maddox v City of New York,* 66 NY2d 270; *Pascucci v Town of Oyster Bay,* 186 AD2d 725). Thus, "the landowner's duty of care is to protect such participants 'from injuries arising out of unassumed, concealed or unreasonably increased risks' " *(Pascucci v Town of Oyster Bay, supra,* at 726, quoting *Benitez v New York City Bd. of Educ.,* 73 NY2d

650, 654; *see also, Russini v Incorporated Vil. of Mineola,* 184 AD2d 561).

Here, the plaintiff, an experienced softball player, admittedly observed the sewer lid prior to the accident, and he failed to proffer evidence sufficient to raise a triable issue of fact as to whether the sewer lid presented an "unreasonably increased risk." Accordingly, summary judgment was properly granted in favor of the defendants *(see, e.g., Shelmerdine v Town of Guilderland,* 223 AD2d 875; *Castello v County of Nassau,* 223 AD2d 571; *Pascucci v Town of Oyster Bay, supra; Hoffman v City of New York,* 172 AD2d 716). Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.