■ LINDA MACHOWSKI, Individially and as Administratrix of the Estate of JOHN MACHOWSKI, Deceased, Appellant, v WILLIAM J. GALLANT, Doing Business as KLASSIC STUDIOS, et al., Respondents. [651 NYS2d 832] —Order unanimously reversed on the law without costs, motion denied, complaint reinstated, cross motion granted and seventh affirmative defense dismissed. Memorandum: Supreme Court erred in granting defendants' motion for summary judgment dismissing this wrongful death action, arising out of the fatal heart attack suffered by plaintiff's husband (decedent) shortly after he completed the test for his black belt in karate. "Generally, whether the plaintiff assumed a risk by participating in a sport is a question for the jury; dismissal of the complaint is appropriate only when the proof before the court reveals no triable issue of fact" (*Weller v Colleges of the Senecas,* 217 AD2d 280, 284; *see also, Maddox v City of New York,* 66 NY2d 270, 279). Although " 'participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation' " (*Lamey v Foley,* 188 AD2d 157, 163, quoting *Turcotte v Fell,* 68 NY2d 432, 439), a defendant

generally has a duty to exercise reasonable care to protect participants from " 'unassumed, concealed or unreasonably increased risks' " (*Lamey v Foley, supra,* 188 AD2d, at 164, quoting *Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658). A videotape of decedent's black belt test indicates that decedent was exhausted and gasping for breath virtually from the outset of the test, yet defendant Kelly Gallant continued to urge him on. Plaintiff submitted an affidavit from an expert who avers that the test as designed by defendants was unnecessary and should have been stopped. Plaintiff also submitted a physician's affidavit from which a jury could conclude that the alleged deficiencies in the conduct and supervision of the test were a proximate cause of decedent's death (*cf., Putrino v Buffalo Athletic Club,* 193 AD2d 1127, *affd* 82 NY2d 779). A jury could find that defendants, by failing properly to conduct and supervise the black belt test, thereby exposed decedent to unreasonably increased risks of injury (*see, Sheehan v Hicksville Union Free School Dist.,* 229 AD2d 1026).

The release signed by decedent in which he assumed various risks associated with the sport of karate does not explicitly bar claims based upon defendants' negligence (*see, Gross v Sweet,* 49 NY2d 102, 108-110; *Scott v Niagara Scuba Sports,* 155 AD2d 864, *lv dismissed* 76 NY2d 772). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Doerr and Boehm, JJ.