■ MARK HEMINWAY, Respondent, v STATE UNIVERSITY OF NEW YORK et al., Defendants, and FACULTY-STUDENT ASSOCIATION OF STATE UNIVERSITY COLLEGE AT FREDONIA, N. Y., INC., Appellant. [665 NYS2d 493] —Order unanimously reversed on the law without costs, motion granted and complaint against Faculty-Student Association of State University College at Fredonia, N. Y., Inc., dismissed. Memorandum: Plaintiff, a student at defendant State University of New York at Fredonia, was injured while sledding on property owned by defendant Faculty-Student Association of State University College at Fredonia, N. Y., Inc. (FSA), which provides auxiliary services to students and faculty members at the college. On the day of his injury, plaintiff attended a dormitory party at the Herbert Mackie Lodge (Lodge), which is owned and operated by FSA and behind which is a hill commonly used for sledding in the winter. FSA charged a $25 fee for use of the Lodge, along with a $50 security deposit, but charged no fee for sledding. While sledding on an inner tube provided at the Lodge by FSA, plaintiff was struck in his left eye by a branch lying on the snow on the left side of the hill, where trees were visible. Plaintiff's eye had to be removed surgically and replaced with a prosthetic device.

The complaint alleges, *inter alia*, that FSA was negligent in failing to inspect, maintain and repair the property; failing to supervise sledding on its premises; and failing to warn him that there was brush and debris on the hill. FSA moved for summary judgment dismissing the complaint against it, contending that plaintiff assumed the risk of injury and that it is immune from liability under General Obligations Law § 9-103. Supreme Court denied the motion and FSA appeals.

FSA is not entitled to summary judgment dismissing the complaint on the ground of primary assumption of risk. As the court found, plaintiff raised an issue of fact whether he knew that there were branches on the side of the hill and whether the injury-causing event, a stick in the eye, was a known, apparent or reasonably foreseeable consequence of sledding (*see, Machowski v Gallant,* 234 AD2d 933; *Weller v Colleges of the Senecas,* 217 AD2d 280, 284). Under the circumstances,

plaintiff's voluntary participation in sledding "is simply a factor relevant in the assessment of culpable conduct" (*McKenney v Dominick*, 190 AD2d 1021), not a bar to plaintiff's claim (*see, Weller v Colleges of the Senecas, supra*, at 284).

We conclude, however, that FSA is entitled to summary judgment dismissing the complaint based on its immunity under General Obligations Law § 9-103. That statute provides that a landowner who allows people to use his property for certain recreational activities, including sledding, is not liable for injuries arising from such activities unless, *inter alia*, the landowner's permission to pursue the activities on the landowner's property "was granted for a consideration" (General Obligations Law § 9-103 [2] [b]). Contrary to the contention of plaintiff, FSA did not receive consideration for the use of its property for sledding. It is undisputed that FSA allowed anyone to use its property for sledding and charged no fee for such use. The only fee charged by FSA was for the use of the Lodge, and there is no nexus between the nominal fee of $25 charged for that use, which went toward cleaning costs, and plaintiff's use of the hill for sledding (*see, Weller v Colleges of the Senecas, supra*, at 285; *Seminara v Highland Lake Bible Conference*, 112 AD2d 630, 633). Similarly, there is no nexus between money received by FSA from plaintiff for services on campus and plaintiff's use of the property for sledding.

Plaintiff contends, in the alternative, that General Obligations Law § 9-103 does not apply because the Lodge is "operated, maintained and supervised by FSA as a recreational facility." We disagree. While the statute does not afford immunity to "the State or a municipality for its failure to reasonably operate and maintain a supervised public park and recreational facility" (*Clark v State of New York*, 178 AD2d 908, 909; *see, Ferres v City of New Rochelle*, 68 NY2d 446, 449), FSA is a private corporation, not a municipality. The cases relied upon by plaintiff involve public parks and are therefore distinguishable (*see, e.g., Meyer v County of Orange*, 129 AD2d 688, *lv dismissed* 70 NY2d 872; *Leonakis v State of New York*, 126 AD2d 706; *Bush v Village of Saugerties*, 114 AD2d 176; *O'Keefe v State of New York*, 104 AD2d 43). (Appeal from Order of Supreme Court, Genesee County, Mahoney, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ.