■ DOUGLAS P. RUTNIK et al., as Executors of MICHAEL GREENBERG, Deceased, Respondents, v COLONIE CENTER COURT CLUB, INC., et al., Appellants. [672 NYS2d 451] —Spain, J. Appeal from an order of the Supreme Court (Harris, J.), entered February 7, 1997 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

On November 2, 1991, 47-year-old Michael Greenberg (hereinafter decedent) was playing racquetball in a tournament sponsored by defendant American Amateur Racquetball Association (hereinafter AARA) at defendant Colonie Center Court Club, Inc. (hereinafter the Court Club). Decedent was an

experienced racquetball player, regularly playing two to three times a week. During the tournament, decedent collapsed; cardiopulmonary resuscitation (hereinafter CPR) was immediately performed on decedent by a bystander and a doctor who was participating in the tournament, emergency medical services were called and decedent was taken to a local hospital; all attempts to revive him were unsuccessful. The cause of his tragic death was determined to be cardiac arrest, as a consequence of atherosclerotic heart disease.

Plaintiffs commenced this wrongful death action alleging negligence on the part of defendant; more specifically, the complaint alleged that (1) defendants failed to ensure that decedent was in good health before permitting his participation in the tournament, (2) defendants failed to have proper procedures, personnel and equipment (i.e., a defibrillator) ready to respond to medical emergencies at their tournament, and (3) defendants failed to warn decedent of the risks of his participation. After discovery AARA moved, and the Court Club cross-moved, for summary judgment dismissing the complaint. The motions were premised upon the grounds that AARA did not owe a duty of care to decedent because, as the tournament's sponsor, it did not control the tournament, that decedent had assumed the risk when he volunteered to participate in the tournament, and that any alleged negligence on the part of defendants was not the proximate cause of decedent's death. Supreme Court denied the motions on the ground that, *inter alia*, there was a question of fact as to whether the alleged negligence was the proximate cause of decedent's death. Defendants appeal.

We reverse. It is well-settled law that voluntary participants in sporting events assume the risk of injuries normally associated with the sport (*see, Morgan v State of New York*, 90 NY2d 471; *Regan v State of New York*, 237 AD2d 851, *lv denied* 91 NY2d 802; *Conway v Deer Park Union Free School Dist. No. 7*, 234 AD2d 332, *lv denied* 90 NY2d 809). A participant in a sporting event can be held to have consented to those injury-causing events which are known, apparent or reasonably foreseeable consequences of participation; a defendant generally has a duty to exercise reasonable care, to protect participants from unassumed, concealed or unreasonably increased risks (*see, Machowski v Gallant*, 234 AD2d 933). Moreover, relieving an owner or operator of a sporting facility from liability for the inherent risk of engaging in sports is justified when the consenting participant is aware of the risk, has appreciation of the nature of the risks and voluntarily assumes the risk (*see, Morgan v State of New York, supra*). Furthermore, where the

injured party had "previously participated in the sports activity on numerous occasions * * * it is not unreasonable to conclude that he or she assumed the obvious risk of injury in participating in that activity" (*Regan v State of New York, supra*, at 853; *see, Capello v Village of Suffern*, 232 AD2d 599, 600; *Marescot v St. Augustine's R. C. School*, 226 AD2d 507). In our view, this case is controlled by the rule found in *Morgan v State of New York* (90 NY2d 471) and *Turcotte v Fell* (68 NY2d 432), where the Court of Appeals held in each case that by participating in a sporting event the respective plaintiffs had consented that the extent of the duty owed to them by the defendants was no greater than merely to avoid reckless or intentionally harmful conduct.

Here, it is not the condition of a playing surface that is at issue (*see, Cronson v Town of N. Hempstead*, 245 AD2d 331; *Stackwick v Young Men's Christian Assn.*, 242 AD2d 878) but rather the consequences of voluntary physical exertion during a sporting event (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650). Decedent was an experienced amateur racquetball player who was known to play two to three games a week, with each game lasting approximately 45 minutes. Further, decedent had participated in tournaments such as the one in question, and indeed was aware of the physical strain the games placed upon him. Clearly, the risk of cardiac failure is inherent when participating in a sport of such intensity and given decedent's experience and background, we conclude that decedent assumed this risk. A reasonable person of decedent's age and experience must be expected to know that there is an apparent and foreseeable risk of cardiac arrest while participating in the strenuous sport of racquetball (*see, Morgan v State of New York, supra*, at 488).

Moreover, it is uncontroverted that the entire staff at the Court Club was trained in CPR, that emergency 911 was called shortly after decedent collapsed and that a rescue squad arrived at the facility within five minutes. Plaintiffs' contention that defendants were negligent in failing to have a defibrillator present during the tournament for immediate use lacks merit (*see, Putrino v Buffalo Athletic Club*, 193 AD2d 1127, *affd* 82 NY2d 779). Accordingly, under the circumstances presented herein, decedent, as a matter of law, assumed the risks associated with playing racquetball and defendants performed their respective duties in a reasonable manner (*see, Turcotte v Fell, supra*).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with one bill of

costs, motions granted, summary judgment awarded to defendants and complaint dismissed.