OPINION OF THE COURT
Phillip R. Rumsey, J.
On December 8, 1996, plaintiff Gregory Lee (hereinafter *993 plaintiff) was injured while attempting to bench press 565 pounds, during a weightlifting competition sponsored by defendant Maloney Fitness, doing business as Club Nautilus. Defendant Michael Maloney, one of the owners of Maloney Fitness, served as one of the two spotters for the lift in question. As plaintiff was attempting to lift the weight bar, he claims he felt the bench tip or tilt underneath him, after which his shoulder slipped off the bench and the weight came down abruptly toward his chest. Although the weight bar was taken by the spotters at that point, plaintiff nevertheless sustained injury to his upper body, which he contends was caused by, inter alia, Maloney’s failure to act quickly enough to grab the bar upon the first indication that plaintiff was losing control of the weight. This negligence action ensued.
Defendants now seek summary judgment, arguing that plaintiff must be deemed to have assumed the risk which resulted in his injury, and that plaintiff signed a written release absolving defendants of liability in connection with the competition. Plaintiffs oppose the motion.
It is undisputed that plaintiff was an experienced weightlifter, having engaged in the sport for over 14 years prior to the accident, and participated in over 20 competitions, many of which he won. Indeed, he was a nationally ranked bench presser, who had successfully lifted weights in excess of 600 pounds on several occasions during his training workouts. His deposition testimony reveals that he was familiar with the rules of the sport, and with the safety precautions that were commonly taken (including the use of spotters).
Plaintiff does not — and indeed could not — seriously dispute that, by voluntarily participating in the contest and attempting to lift 565 pounds, he assumed the risks inherent in the sport, of which he was undoubtedly knowledgeable. Instead, he argues that the risk of an incompetent or inadequately supervised spotter, which is what allegedly caused his injury, is not inherent in the sport of competitive weightlifting, but merely a result of ordinary negligence in conducting a competition, “implicating] typical comparative negligence principles” (Morgan v State of New York, 90 NY2d 471, 488).
This argument is unconvincing. All of the risks that could conceivably be viewed as having caused or contributed to plaintiff’s injury, including the risk of losing control of the weight, and the risk that a spotter may fail to grab the bar soon enough thereafter to prevent injury, are inherent in, and *994 arise out of the very nature of, the sport of weightlifting. Notably, plaintiff himself testified that he selects his spotters carefully when his training involves lifting very heavy weights, thus evincing an awareness of the risks inherent in relying on others to take the weight should a problem develop. The risk that one of those people might fail to respond appropriately to a quickly developing situation, and that the weight might fall as a result, causing injury, is a risk every weightlifter necessarily assumes when undertaking a lift in which he or she must rely on spotters, whether in a practice workout or a competition (cf., Totino v Nassau County Council of Boy Scouts, 213 AD2d 710, 711). Inasmuch as this risk is “perfectly obvious”, from the nature of the activity itself, plaintiff must be deemed to have consented to it (see, Turcotte v Fell, 68 NY2d 432, 439; Cardoza v Village of Freeport, 205 AD2d 571; Robinson v Town of Babylon, 166 AD2d 434, 435).
Nor is there any evidence that Maloney’s participation “unreasonably enhanced” the risk of participating in the competition (see, Mauner v Feinstein, 213 AD2d 383). In an attempt to show that Maloney was not properly trained or supervised, plaintiff points to the fact that Maloney has no recollection of attending a precompetition meeting, at which competitors were informed that the spotters would take the weight whenever “bar control was questionable” or “the lifter is at risk for injury” (affidavit of Dirk A. Galbraith, Esq., dated Jan. 28, 1999, ¶¶ 16-21, exhibit D), and to Maloney’s statement that he had previously been told, as a competitor, that spotters were to take the weight only when directed to do so by a judge (reply affidavit of Sam A. Elbadawi, Esq., dated Feb. 2, 1999, exhibit 1 [Maloney deposition transcript, at 28]). When asked about the lift in question, however, Maloney testified unequivocally that he had in fact grabbed the bar immediately when it “began to progress downward in a very quick fashion”, and did so because of “imminent danger” to plaintiff (id., exhibit, at 58). In so doing, he acted in conformance with the rules of this competition, as they had been explained to plaintiff during the precompetition meeting; thus, Maloney’s alleged lack of training or supervision cannot be said to have unreasonably increased the risks facing plaintiff.
Accordingly, defendants’ motion is granted, and the complaint is hereby dismissed.