■ Scott Hawley et al., Appellants, v Binghamton Mets Baseball Club, Inc., Doing Business as Binghamton Mets, et

al., Respondents. [691 NYS2d 626] —Mercure, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered June 10, 1998 in Broome County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Scott Hawley (hereinafter plaintiff) sustained the injuries forming the basis for this negligence action during the course of a "B-Mets Pop-Up Promotion" sponsored by defendant Horizon Foods of the Adirondacks L. L. C., a Pizza Hut franchisee, and defendant Binghamton Mets Baseball Club, Inc., a minor league baseball team. Plaintiff was selected in a drawing to participate in the promotion, which took place at Binghamton Mets Stadium in the City of Binghamton, Broome County, following a June 25, 1997 evening game, and entailed having plaintiff take the field and attempt to catch three fly balls that were projected into the air by a pitching machine. The complaint alleges that plaintiff successfully caught the first two balls[1] but was struck in the face by the third, causing serious injuries to his eye. The claim of liability is predicated upon defendants' alleged failure to exercise reasonable care in the circumstances, to advise plaintiff of the risks and dangers attendant to the activity and to provide plaintiff with protective equipment. Following joinder of issue and depositions of the parties, the Binghamton Mets moved for summary judgment dismissing the complaint against it and Horizon Foods cross-moved for the same relief. Concluding that plaintiff had assumed the risk of injury inherent in the activity and that defendants had not acted in a manner as to conceal or unreasonably increase those risks, Supreme Court granted the motions. Plaintiff appeals and we affirm.

As a threshold matter, we are unpersuaded that, because the activity that plaintiff participated in was a commercial promotional event and not an organized athletic competition, the doctrine of primary assumption of risk has no application to this case. To the contrary, the doctrine has been held to apply to claims of injury "suffered by voluntary participants in sporting and amusement activities" (*Morgan v State of New York*, 90 NY2d 471, 482) or arising out of a party's "participation in a sporting or entertainment event or activity, whether amateur or professional" (*Lamey v Foley*, 188 AD2d 157, 163; *see, Bierach v Nichols*, 248 AD2d 916, 917; 1A NY PJI 2:55, at 286 [3d ed 1999]). Even when the activity is engaged in for the purpose of promotion, the key inquiry is whether the partici-

---

1. Notwithstanding the allegation of the verified complaint, plaintiff testified at an examination before trial that the second ball actually deflected off his glove to the ground but the sponsors credited him with a successful catch.

pant is reasonably aware of the risks (*see, Lamey v Foley, supra*, at 163).

Turning now to the merits, "[i]t is well-settled law that voluntary participants in sporting events assume the risk of injuries normally associated with the sport" (*Rutnik v Colonie Ctr. Ct. Club*, 249 AD2d 873, 874, *lv denied* 92 NY2d 808; *see, Morgan v State of New York, supra*, at 484; *Regan v State of New York*, 237 AD2d 851, 853, *lv denied* 91 NY2d 802; *Conway v Deer Park Union Free School Dist. No. 7*, 234 AD2d 332, *lv denied* 90 NY2d 809), unless "the conditions caused by the defendants' negligence are 'unique and created a dangerous condition over and above the usual dangers that are inherent in the sport' " (*Morgan v State of New York, supra*, at 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970). In making that determination, "the background of the skill and experience of the particular plaintiff" must be assessed (*Maddox v City of New York*, 66 NY2d 270, 278; *see, Morgan v State of New York, supra*, at 486).

Here, it is claimed that plaintiff, although an experienced amateur baseball and softball player, was unaware of, and thus did not assume, certain unique risks that were present on the night of the event and which were a proximate cause of his injury. Specifically, plaintiffs contend that "[t]he lights, the crowd, the myriad of insects and the excitement all combined to create a unique experience", precluding plaintiff's knowledge of the inherent risks. We disagree. As a frequent attendee at Binghamton Mets games, plaintiff was familiar with the conditions, including the lights and the insects. More important, by the time plaintiff fielded the first two fly balls he was well aware of the prevailing conditions and "[h]is continued participation in the [activity] in light of that awareness constituted assumption of risk as a matter of law" (*Maddox v City of New York, supra*, at 274-275).

We also reject the contention that the operator of the pitching machine enhanced plaintiff's risk by adjusting the machine so as to cause the balls to be projected progressively higher into the air. Other than plaintiff's uncertain deposition testimony that the second ball "seemed like it was higher" than the first and that the third ball "seemed to be a little higher" than the second,[2] there is no evidence in the record to support plaintiffs' theory. In any event, plaintiff should have

---

2. In fact, when asked whether the third ball was in the air longer than the second, plaintiff responded: "I don't know exactly. To me it just seemed— seemed different because I was having difficulty to begin with picking the ball up."

reasonably expected to catch balls with varying trajectories while participating in a pop-fly contest.

Finally, although it may well be that plaintiff could have prevented or substantially diminished the injury to his eye by wearing protective eyewear, because the risk of fielding fly balls without wearing protective eyewear is so obvious, we reject the contention that defendants had a duty to provide such eyewear or warn plaintiff of the danger of wearing regular glasses (see, Rutnik v Colonie Ctr. Ct. Club, supra, at 875).

Plaintiffs' remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.