■ GREGORY LEE et al., Appellants, v MICHAEL MALONEY et al., Respondents. [704 NYS2d 729] —Peters, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered April 16, 1999 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

In December 1996, plaintiff Gregory Lee (hereinafter plaintiff), a nationally ranked weight lifter, participated in the 1996 River Valley Classic Bench Press Championship (hereinafter the competition) held in the gymnasium at Southside High School in the City of Elmira, Chemung County. The competition was sponsored by Club Nautilus, a fitness club owned by defendant Maloney Fitness, Inc., a corporation in which defendant Michael Maloney and his wife are the sole shareholders. As sponsors, defendants provided, *inter alia*, weights, bars and volunteer staff. Competitors had the option of choosing their own spotters or having spotters assigned.

John Comereski and Edward Patten, organizers of the event, conducted a safety briefing for the contestants and the spotters prior to the competition. Comereski had trained world championship weight lifters, written articles on power lifting and was certified, as was Patten, as a referee by the United States Power Lifting Federation. Patten had competed in the sport of weight lifting for approximately 20 years and was the New York Chairperson for the American Drug-Free Power Lifting Association. Maloney, also an experienced weight lifter, first received training in proper techniques for bench press lifting and spotting of other lifters while a student at Cornell University. Although present as a voluntary spotter, he did not

recall attending the safety meeting for this competition but did recall receiving training from Comereski in the two years prior when he participated in the River Valley Classic first as a competitor and then as a voluntary spotter. In this competition, Maloney was one of the two spotters assigned to plaintiff.

According to plaintiff, he successfully completed his first two lifts with no difficulties with either the bench or his spotters. After completing his second lift of 550 or 555 pounds, he returned for his third lift choosing to lift 565 pounds. He laid supine on the bench, counted to three and had his brother take the bar off the rack. He remembered bringing the bar down but when he started to push it up, it felt as though the pad on the bench shifted to his left, causing his shoulder blade to slip off the bench and wrenching his body to the left. Upon losing control of the bar, plaintiff contends that Maloney failed to timely grab it, waiting instead for the judge to yell "grab it" or "take it."* The bar dropped to the left, where Maloney was spotting, landing partially on plaintiff's chest and arms which caused him injuries that required surgery.

Plaintiff, and his wife derivatively, commenced this action alleging, *inter alia*, that Maloney's failure to adequately perform the role of spotter was the proximate cause of his injuries. After issue was joined and discovery commenced, defendants successfully moved for summary judgment, prompting this appeal.

The determinative issue concerns our application of the doctrine of assumption of risk. Such doctrine dictates, in general terms, that " 'voluntary participants in sports activities may be held to have consented, by their participation, to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of their participation' " (*Regan v State of New York*, 237 AD2d 851, 853 [quoting *Conway v Deer Park Union Free School Dist. No. 7*, 234 AD2d 332, *lv denied* 90 NY2d 809] *lv denied* 91 NY2d 802; *see, Turcotte v Fell*, 68 NY2d 432, 439; *Maddox v City of New York*, 66 NY2d 270, 278). So long as a defendant fulfills "a duty to exercise reasonable care, to protect participants from unassumed, concealed or unreasonably increased risks" (*Rutnik v Colonie Ctr. Court Club*, 249 AD2d 873, 874, *lv denied* 92 NY2d 808), its application is justified "when the consenting participant is aware of the risk, has appreciation of the nature of the risks and voluntarily assumes the risk" (*id.*, at 874; *see, Morgan v State of New York*, 90 NY2d 471, 485-486). Notably, " 'awareness of risk is not to be

---

* It is not contended that the other spotter failed to respond appropriately.

determined in a vacuum. It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff'" (*Morgan v State of New York, supra,* at 486, quoting *Maddox v City of New York, supra,* at 278).

It is undisputed that plaintiff was an experienced weight-lifter who had been lifting weights since high school and had engaged in the sport of bench pressing for over 14 years prior to the accident. He was also an experienced bench press competitor, having won 22 of the events he entered. In training he had bench pressed up to 615 pounds; however, he had never before lifted 565 pounds in competition. Given his experience and record of expertise in this sport, we find, as a matter of law, that plaintiff must be held to have assumed the risks inherent therein which reasonably includes the knowledge that a heavily weighted bar might slip out of his control and injure him despite the assistance that a fully attentive spotter might be able to provide.

Notably, the lift at issue was videotaped. Our review of the videotape reveals that the spotters were situated within inches of the ends of the bar, paid full attention to the lift as plaintiff began and that the bar was raised only 4 to 5 inches above his chest before he lost control of it. The injury was instantaneous, giving the spotters little time to react. Hence, other than plaintiff's own affidavit and that submitted by his brother, no viable evidence supports plaintiff's assertion that his injuries could have been prevented by Maloney. Rather, according to the testimony of Comereski and Patten, the bar that plaintiff attempted to lift descended rapidly after he lost control. As soon as it began to drop, both Maloney and the second spotter grabbed it simultaneously with the judge's shouted instruction. Finding no evidence to support a claim that there was reckless or intentional conduct by Maloney or that the risks inherent in the sport were concealed or unreasonably increased (*see, Morgan v State of New York,* 90 NY2d 471, 485, *supra*), summary judgment was properly granted.

In light of our determination concerning plaintiff's assumption of risk, we need not address any remaining issues.

Cardona, P. J., Mercure and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs. [*See,* 180 Misc 2d 992.]