■ PHILIP ROBINSON, Respondent, v TOWN OF BABYLON, Appellant.—In an action to recover damages for personal

injuries, the defendant Town of Babyon appeals from an order of the Supreme Court, Suffolk County (Brown, J.), entered March 13, 1989, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed.

The plaintiff was injured while playing in an amateur softball league on a field owned and maintained by the defendant Town of Babylon. The plaintiff alleged that as he attempted to make a double play, second base shifted underneath his foot, thus precipitating a collision with a runner sliding into the base. The defendant claims that the plaintiff assumed the risk of injury and, therefore, summary judgment in its favor should have been granted. We agree.

"[P]articipants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" *(Turcotte v Fell,* 68 NY2d 432, 439). Risks normally associated with a sport are foreseeable consequences of a person's participation.

Here, the plaintiff's injuries arose out of an event that was a risk inherent in the sport in which he was participating. Moreover, there was no evidence that the defendant had breached any duty of care toward the plaintiff. Accordingly, the defendant's motion for summary judgment dismissing the complaint is granted *(see, Maddox v City of New York,* 66 NY2d 270; *Gallagher v Town of N. Hempstead,* 144 AD2d 637; *Perretti v City of New York,* 132 AD2d 537; *cf., Stevens v Central School Dist. No. 1,* 25 AD2d 871, *affd* 21 NY2d 780). Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.