■ THERESA STEEGMULLER, Respondent, v STEPHEN SIEGEL, Appellant. [609 NYS2d 359] —Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hillery, J.), entered June 19, 1992 in Dutchess County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff sued defendant for personal injuries after being struck in the face by a batted ball while pitching a softball to defendant, the batter. Plaintiff was a neophyte to the sport. The couple were playing on a grass field of a high school, having gone there at plaintiff's suggestion to "bat the ball around". The depositions of the parties vary as to whether plaintiff was using a glove and as to the distance she was from defendant while pitching to him. Supreme Court held that plaintiff's contention that she was a novice to the sport and did not comprehend that there was a possibility of injury raises a material question of fact. Defendant urges that plain-

tiff's complaint should have been dismissed as a matter of law based upon the defense of assumption of risk.

In *Turcotte v Fell* (68 NY2d 432, 439), the Court of Appeals held that a participant in sporting activity is held to have consented to the risks inherent in it "[i]f the risks of the activity are fully comprehended or perfectly obvious" and that "participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation".

We cannot agree with Supreme Court's finding that a question of fact exists warranting a trial. It was obvious that a batted ball, if directed towards her, could strike plaintiff. Such event is inherent in batting activity and should have been comprehended even by a novice to softball. Plaintiff was an adult and the danger was apparent. Under such circumstances, we conclude that no issues of fact exist and summary judgment should have been granted to defendant.

Cardona, P. J., Crew III, Casey and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.