■ NICHOLAS TOTINO, an Infant, by His Mother and Natural Guardian, LINDA TOTINO, et al., Respondents, v NASSAU COUNTY COUNCIL OF BOY SCOUTS OF AMERICA et al., Appellants. [625 NYS2d 51] —In an action to recover damages for

personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Kohn, J.), dated November 10, 1993, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff was injured during a softball game when the defendant Frank Pierce, an adult, slid into base and collided with the infant plaintiff. The defendants moved for summary judgment, arguing that the infant plaintiff assumed the risk of injury. The Supreme Court denied the motion and we now reverse.

It is well established that: " '[p]ursuant to the doctrine of assumption of risk, an injured party may not seek compensation for injuries incurred as the consequence of some risk or danger usually associated with a pursuit voluntarily undertaken. Thus, when it is shown indisputably that a particular injury was caused by a condition or practice which is common to a particular sport *(see, e.g., Turcotte v Fell,* 68 NY2d 432), summary judgment is warranted' *(Cuesta v Immaculate Conception R. C. Church,* 168 AD2d 411)" *(Checchi v Socorro,* 169 AD2d 807, 808).

Sliding into base is an integral part of the game of softball. The infant plaintiff here admitted that he was aware that sliding into base was part of the sport and, indeed, he admitted that participants of other games had hit him while sliding into a base he was covering. Under these circumstances, he must be deemed to have assumed the risk of injury *(see, Brown v City of Peekskill,* 212 AD2d 658; *Cardoza v Village of Freeport,* 205 AD2d 571; *Gonzalez v City of New York,* 203 AD2d 421; *cf., Mauner v Feinstein,* 213 AD2d 383). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.