■ DONNE R. CASTELLO, Appellant, v COUNTY OF NASSAU et al., Defendants, and INCORPORATED VILLAGE OF FREEPORT, Respondent. [636 NYS2d 817] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated July 29, 1994, which, upon reargument, granted the motion by the defendant Incorporated Village of Freeport to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, an experienced softball player, was injured during the eighth inning of a softball game when he slid head-first into home plate and jammed his shoulder on a protruding corner of home plate. The plaintiff admitted that, prior to the accident, he had noticed that the third-base side of home plate was "being dug" by the batters.

It is well settled that those who voluntarily participate in a sporting activity "may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (Turcotte v Fell, 68 NY2d 432, 439). " 'If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty' " (Pascucci v Town of Oyster Bay, 186 AD2d 725, 726). In the present case, the plaintiff admitted that he knew that the third-base side of home plate was "dug out". In

addition, because the plaintiff, a right-handed batter, had batted several times during the game from that side of home plate, he had actually stood in the "ditch" next to the protruding corner of home plate. Under these circumstances, the risk presented by the "protruding home plate" was not a concealed one, and the plaintiff consciously assumed that risk by his voluntary participation in the game (*see, Gonzalez v City of New York*, 203 AD2d 421; *Pascucci v Town of Oyster Bay, supra; Russini v Incorporated Vil. of Mineola*, 184 AD2d 561; *Hoffman v City of New York*, 172 AD2d 716). Accordingly, the court properly dismissed the complaint insofar as it is asserted against the Incorporated Village of Freeport.

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.