■ JOSEPH LOMBARDO, Individually and as Parent and Natural Guardian of NICHOLAS T. LOMBARDO, an Infant, Respondent-

Appellant, v BOYS CLUB OF EAST AURORA, Appellant-Respondent. [639 NYS2d 206] 

Memorandum: Plaintiff, a 17 year old, was injured when he used a chair to launch himself into the air to dunk a basketball during an open gym period. By submitting evidentiary proof in admissible form that defendant violated its written policy of supervision, plaintiff raised an issue of fact sufficient to withstand defendant's motion for summary judgment. Whether that breach of duty was a proximate cause of plaintiff's injury is a matter for jury determination (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 656-658; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315, *rearg denied* 52 NY2d 784).

All concur except Lawton, J. P., who dissents and votes to reverse in the following Memorandum.

Lawton, J. P. (dissenting). I respectfully dissent. The failure of defendant to close the gym in accordance with its in-house rules was not a competent producing cause of plaintiff's injuries (*see generally, Sheehan v City of New York*, 40 NY2d 496, 501-504). Rather, the 17-year-old plaintiff was injured when he took a running leap from a chair in order to dunk a basketball, hung on the rim of the basketball hoop, and then fell to the floor. That conduct constituted an unforeseeable superseding event that absolves defendant of liability (*see, Heard v City of New York*, 82 NY2d 66, 71-76, *rearg denied* 82 NY2d 889; *Boltax v Joy Day Camp*, 67 NY2d 617, 619-620; *Schiffman v Spring*, 202 AD2d 1007, 1008-1009; *Marlowe v Rush-Henrietta Cent. School Dist.*, 167 AD2d 820, *affd* 78 NY2d 1096). The majority's holding makes defendant an insurer for any injuries sustained when an employee is not present without regard to the cause of the injuries. In fact, under the majority's holding, the more dangerous the activity, the greater the liability. While cases involving small children may warrant such a holding, a case like this, involving a plaintiff who was aware of and appreciated the hazard to which he exposed himself, does not (*see, Heard v City of New York, supra*). I, therefore, would reverse and grant defendant's motion for summary judgment dismissing the complaint. (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.