■ Rae Anne Swan et al., Respondents, v Town of Grand Island et al., Appellants. [652 NYS2d 166] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: On June 1, 1992, Rae Anne Swan (plaintiff), who had been playing softball for 11 years and was the manager and captain of a women's softball team sponsored by defendant Town of Grand Island (Town), slipped and fell during a softball game when her left foot became "stuck" as she was attempting to slide into third base. The game was played on a field owned by the Town and was officiated by defendant Robert L. Rosetti (Rosetti), an experienced umpire and a member of defendant Grand Island Officials Association (Association). Plaintiffs commenced an action against the Town alleging that it was negligent in maintaining the softball field; in failing to provide adequate inspection of the field; and in allowing the game to be played under the prevailing conditions. Plaintiffs commenced a separate action against the Association and Rosetti, individually and as a member of the Association, alleging that Rosetti was negligent in failing to perform an adequate inspection of the softball field and in

allowing the game to be played. The actions were subsequently consolidated.

According to plaintiff, it had rained most of the morning and, as she drove home from work that afternoon, she observed standing water on Field No. 1 where she was later injured. At about 5:30 P.M., an employee of the Town's recreation department contacted plaintiff to tell her that her softball game scheduled for 6:00 P.M. on Field No. 2 had been rescheduled for 7:30 P.M. on Field No. 1. Another game was in progress on Field No. 1 when plaintiff arrived about 7:00 P.M. Plaintiff observed that the field was "all wet" and that the dirt was "wet" rather than "loose". According to one of the other players on plaintiff's team, "the base paths were wet and muddy." Immediately before plaintiff's game began, Rosetti warned the players to be careful because of the condition of the field. Plaintiff did not know how her foot became stuck, but believed it stuck in a "rut from the previous game where [the players] had been standing."

After issue was joined and discovery completed, the Town, the Association and Rosetti separately moved for summary judgment dismissing the complaint. Supreme Court denied their motions. We reverse.

Defendants met their burden of establishing that "plaintiff voluntarily participated in the softball game, fully aware of the condition of the field and the inherent risk of injury" (*Giovinazzo v Mohawk Val. Community Coll.*, 207 AD2d 980, *lv denied* 84 NY2d 813; *see, Schiffman v Spring*, 202 AD2d 1007; *Perretti v City of New York*, 132 AD2d 537). The fact that plaintiff did not know what caused her foot to become stuck is of no moment; "[i]t is not necessary to the application of assumption of risk that the injured plaintiff [foresee] the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278). Plaintiff failed to raise an issue of fact whether defendant breached its duty to exercise reasonable care to protect plaintiff as a voluntary participant in an athletic event from "unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658). The condition of the playing field was open and obvious and plaintiff assumed the risk of injury from its condition (*see, Maddox v City of New York, supra*, at 277-278), especially in view of the fact that "[s]liding into base is an integral part of the game of softball" (*Totino v Nassau County Council of Boy Scouts*, 213 AD2d 710, 711, *lv denied* 86 NY2d 708). (Appeals

from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Green, Wesley, Doerr and Boehm, JJ.