■ DAVID STACKWICK et al., Appellants, v YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER ROCHESTER, Respondent. [662 NYS2d 910] —Order insofar as appealed from unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: David Stackwick (plaintiff) fractured his right wrist and dislocated his left elbow while playing basketball at a branch of defendant, Young Men's Christian Association of Greater Rochester. Plaintiff, a member of a highly competitive men's league, was running after a player on the opposing team who had the ball, attempting to prevent that player from making a lay-up. When his feet became entangled with those of the opposing player, plaintiff lost his balance and careened into an unpadded cement wall located approximately seven feet beyond the endline. Plaintiff raised his arms to protect himself and his hands and forearms came into contact with the wall. Plaintiff commenced this action, alleging that defendant's negligent failure to place padding on the wall behind the basketball net caused his injuries.

Supreme Court granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for partial summary judgment on the issue of liability. The court held that, by playing on a court where the lack of padding behind the basket was open and obvious, plaintiff assumed the risk of his injuries as a matter of law. Plaintiffs appeal, arguing that a factual issue exists whether plaintiff assumed the risk of his injuries. Plaintiffs have not briefed the issue whether the court erred in denying the cross motion.

The court erred in granting the motion. In opposition to the motion, plaintiffs submitted an expert's affidavit stating that defendant was negligent in failing to pad the cement wall located only seven feet beyond the endline in a gym used by highly competitive league players and submitted evidence that several other branches of defendant had padding behind the baskets. Plaintiffs also submitted the affidavit of plaintiff's treating physician, who opined with reasonable medical certainty that plaintiff's injuries would have been less severe had the wall been padded.

In our view, those submissions raise an issue of fact whether defendant's failure to pad the wall behind the basket created a risk beyond those inherent in the sport of basketball (*see, Siegel v City of New York,* 90 NY2d 471; *Alexander v Kendall Cent. School Dist.,* 221 AD2d 898, 899; *McCrorey v City of Buffalo,* 210 AD2d 908; *Conary v Clover Lanes,* 199 AD2d 1067; *Lamey v Foley,* 188 AD2d 157; *cf., Eddy v Syracuse Univ.,* 78 AD2d 989, 990-991, *lv denied* 52 NY2d 705). The submissions raise a further issue of fact whether the failure to pad the wall caused or contributed to plaintiff's injuries (*see, Lombardo v Boys Club,* 225 AD2d 1070, 1071; *Locilento v Coleman Catholic High School,* 134 AD2d 39, 41). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Callahan and Doerr, JJ.