■ REX E. HARPER, Respondent-Appellant, v KAREN M. AUSTIN, Appellant-Respondent. [665 NYS2d 371] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion for partial summary judgment and that part of defendant's cross motion for summary judgment on the Labor Law § 240 (1) cause of action. The record contains conflicting proof whether the work resulting in plaintiff's injury was undertaken to prepare the building for commercial or residential purposes (*see, Lombardi v Stout*, 80 NY2d 290, 296-297). Thus, there is "a legitimate fact dispute about the availability of the one- to two-family dwelling exemption under the Labor Law" (*Mandelos v Karavasidis*, 86 NY2d 767, 769; *see, Lombardi v Stout, supra*, at 297; *Ali v Olisa*, 194 AD2d 578, 579).

The court also properly denied that part of defendant's cross motion seeking summary judgment dismissing the negligence cause of action. "Although plaintiff will bear the burden at trial of proving that defendant created the allegedly dangerous condition * * * or had actual or constructive notice of it (*see, Lowrey v Cumberland Farms*, 162 AD2d 777, 778), on its [cross]

motion for summary judgment defendant bore the burden of establishing [her] entitlement to judgment as a matter of law (*see, Jordan v Musinger*, 197 AD2d 889)" (*Notaro v Buffalo Waterfront Rest. Corp.*, 239 AD2d 963). Because defendant failed to meet that burden, there is no need to consider the adequacy of plaintiff's submissions in opposition to the cross motion (*see, Ayotte v Gervasio*, 81 NY2d 1062, 1063; *Notaro v Buffalo Waterfront Rest. Corp., supra*). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.