■ JEFFREY ROSENBLATT, Appellant, v ANDREW M. KAHN, Respondent. [666 NYS2d 666] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 22, 1996, which granted the defendant's motion for summary judgment dismissing the complaint and dismissed his cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, an experienced softball player, was injured when, while playing first base in a league softball game, the defendant slid into him after hitting a ground ball to the shortstop. In his motion for summary judgment dismissing the complaint, the defendant argued that sliding into first base was a foreseeable event during a softball game and that the plaintiff had assumed the risk of the injury at issue. The plaintiff cross-moved for summary judgment arguing that the nature of the slide rendered it unforeseeable, and the risk of injury therefrom was not assumed. We now affirm the dismissal of the complaint.

The plaintiff, as a voluntary participant in the softball game at issue, assumed the risk that he might be injured by a sliding opposing player (*see, Morgan v State of New York,* 90 NY2d 471; *Turcotte v Fell,* 68 NY2d 432; *Maddox v City of New York,* 66 NY2d 270; *Totino v Nassau County Council of Boy Scouts,* 213 AD2d 710; *Hoffman v City of New York,* 172 AD2d 716; *Robinson v Town of Babylon,* 166 AD2d 434). Further, upon

review of the record, including a videotape of the play in question, we find that the plaintiff has failed to raise a triable issue of fact that the nature of the slide otherwise rendered it actionable (*see, Turcotte v Fell, supra,* at 441 ["flagrant infractions unrelated to the normal method of playing the game and done without any competitive purpose" may be actionable]; *see, e.g., Nabozny v Barnhill,* 31 Ill App 3d 212, 334 NE2d 258; *Hackbart v Cincinnati Bengals,* 601 F2d 516, *cert denied* 444 US 931). Indeed, sliding into first base is expressly permitted by the rules of play. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.