■ PAUL T. GRIFFIN, Individually and as Father and Natural Guardian of BRIGHID M. GRIFFIN, an Infant, Respondent, v MICHAEL LARDO, Appellant. [668 NYS2d 837] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff's 12-year-old daughter was injured in her backyard while showing 11-year-old defendant how to swing a golf club. Neither child is an experienced golfer. Plaintiff's daughter stood too close, and defendant struck her in the head with the club as he finished his swing.

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint on the ground of assumption of risk. The risk of the present injury is obvious, and, by voluntarily participating in the activity, plaintiff's daughter assumed the risk of injury despite her age and inexperience (*see, Napoli v Mount Alvernia,* 239 AD2d 325; *Cardoza v Village of Freeport,* 205 AD2d 571; *Osborne v Olean Bd. of Educ.,* 186 AD2d 1059; *see also, Steegmuller v Siegel,* 202 AD2d 855, *lv denied* 83 NY2d 760). It is irrelevant that plaintiff's daughter may not have anticipated the strength or width of defendant's swing. "It is not necessary to the application of assumption of risk that the injured [person] have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York,* 66 NY2d 270, 278; *see, Swan v Town of Grand Is.,* 234 AD2d 934, 935). Finally, we reject plaintiff's contention that defendant's conduct was reckless, thus rendering the assumption of risk doctrine inapplicable (*see, Carrillo v Kreckel,* 43 AD2d 499). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.