■ SUSAN BIERACH, Individually and as Parent and Guardian of JENNIFER L. MONICA, an Infant, Appellant, v BRENT NICHOLS, Respondent. [669 NYS2d 988] —Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered April 10, 1997 in Franklin County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, on behalf of her daughter Jennifer, commenced this action as a result of injuries sustained by Jennifer after she was hit in the eye by an apple thrown by defendant. Defendant answered and asserted, *inter alia*, assumption of risk as an affirmative defense. Plaintiff thereafter submitted a bill of particulars which amplified the negligence cause of action by claiming that defendant threw an apple "at a high rate of speed" in Jennifer's direction.

Jennifer admitted in her deposition testimony that she, along with a group of teenagers, were throwing apples at each other in an overhand motion. Fully aware that she could get hit, she admitted that during the course thereof she was hit in the leg but nonetheless continued. She testified that she saw the defendant throw the apple that hit her but that he was not aiming at her upper body. It simply ricochetted off the handlebar of her all-terrain vehicle and hit her in the eye. She thereafter named all of the teenagers who participated in the activity and specifically recalled that Jennifer Scott was not present. Defendant recounted the activity in a similar manner although he did not believe that he was the one who threw the apple that caused her injuries.

Defendant moved for summary judgment asserting plaintiff's assumption of risk. Plaintiff opposed and cross-moved to amend her bill of particulars to allege that defendant's conduct was intentional and/or reckless. In support of such amendment and in opposition to defendant's motion, the affidavit of Scott was submitted wherein she alleged that she was present on the day of the incident and actually observed defendant forcefully throw the apple at Jennifer. Jennifer's own affidavit now mirrored these contentions and further explained that she was incorrect when she previously testified that Scott was not present on the day of the incident. Supreme Court granted defendant's motion for summary judgment and dismissed plaintiff's cross motion. Plaintiff appeals and we affirm.

It is axiomatic that the application of the doctrine of assumption of risk acknowledges, through one's participation in a sport or recreational activity, that there is an inherent consent "to those commonly appreciated risks which * * * arise out of the nature of the sport * * * and flow from such participation. * * * [P]articipants are legally deemed to have accepted personal responsibility for [such risks] because they commonly inhere in the nature of those activities" (*Morgan v State of New York*, 90 NY2d 471, 484 [citations omitted]). For such doctrine to apply, it has not been deemed necessary " ' "that the injured plaintiff [foresee] the exact manner in

which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" ' " (*Regan v State of New York*, 237 AD2d 851, 853, *lv denied* 91 NY2d 802, quoting *Swan v Town of Grand Is.*, 234 AD2d 934, 935, quoting *Maddox v City of New York*, 66 NY2d 270, 278).

Here, it is clear that Jennifer was fully aware of the risks inherent in the "game" devised by this group of teenagers (*see, Totino v Nassau County Council of Boy Scouts*, 213 AD2d 710; *Steegmuller v Siegel*, 202 AD2d 855, *lv denied* 83 NY2d 760). Even assuming plaintiff's newly created facts to be true which allege reckless or intentional conduct by defendant, it remains undisputed that he did not aim the apple at Jennifer's eye and that the incident occurred as a result of its ricochet off her handlebar—the very definition of an "accident". As previously articulated, " '[I]f children were to be held liable for damages resulting from accidents occurring during play, it would not only open the door for a new and vast field of litigation, but would also " 'make it necessary for children to stand about * * * with folded hands * * * for fear they might negligently brush against one of their fellows and become liable" ' " (*Sutfin v Scheuer*, 145 AD2d 946, 948, *affd* 74 NY2d 697, quoting *Carrillo v Kreckel*, 43 AD2d 499, 502, quoting *Briese v Maechtle*, 146 Wis 89, 91).

As the resultant injuries alleged herein are not compensable, we affirm the order of Supreme Court dismissing the complaint.

Mercure, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.