■ AMY M. ROSKA, Appellant, v TOWN OF CHEEKTOWAGA, Respondent. (Appeal No. 1.) [673 NYS2d 343] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.

■ AMY M. ROSKA, Appellant, v TOWN OF CHEEKTOWAGA, Respondent. (Appeal No. 2.) [674 NYS2d 545] —Order insofar as appealed from reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff fractured her ankle during a game of softball when the base into which she was sliding became detached and her ankle hit a metal spike to which the base had been attached. She commenced this action against defendant, the owner of the park where the accident occurred. Defendant moved for summary judgment, arguing that it was not negligent in its maintenance of the base and that plaintiff assumed the risk of her injuries. Supreme Court concluded that an issue of fact exists whether plaintiff assumed the risk of her injuries, but granted defen-

dant's motion for summary judgment on the ground that plaintiff failed to prove that defendant was negligent. That was error.

Although plaintiff will bear the burden at trial of proving that defendant created the allegedly dangerous condition or had actual or constructive notice of it, defendant on its motion for summary judgment bore the burden of establishing its entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Harper v Austin*, 242 AD2d 927). Because defendant failed to meet its burden, there is no need to consider the adequacy of plaintiff's submissions in opposition to the motion (*see, Harper v Austin, supra*).

Nor did defendant prove that plaintiff assumed the risk of her injury as a matter of law. There is an issue of fact whether the risk of being injured by a metal spike, exposed when a base became detached, is a risk that is inherent in the game of softball (*see, Siegel v City of New York*, 90 NY2d 471, 488; *Stackwick v Young Men's Christian Assn.*, 242 AD2d 878). We agree with the dissent that participants in the game of softball assume the risk of injury typically resulting from sliding into base (*see, e.g., Rosenblatt v Kahn*, 245 AD2d 438 [plaintiff, who was playing first base, injured when player sliding into base collided with him]; *Swan v Town of Grand Is.*, 234 AD2d 934 [softball player injured when her foot got stuck in wet playing field while she was sliding into base]; *Castello v County of Nassau*, 223 AD2d 571 [plaintiff injured when he slid head-first into home plate and jammed his shoulder against a protruding corner of the base]; *Totino v Nassau County Council of Boy Scouts*, 213 AD2d 710, *lv denied* 86 NY2d 708 [softball player, who was playing a base, injured when runner slid into base and collided with him]). Upon our review of the record, we cannot accept defendant's assertion, accepted by the dissent, that the risk of being injured by a metal spike protruding from the ground is, as a matter of law, a risk inherent in sliding into base during a game of softball. Defendant supports that assertion only with deposition testimony of plaintiff wherein she indicates knowledge that bases are often fastened into the ground with straps tied down to metal spikes, that bases sometimes come up, and that she had observed a base come out of the ground, spike and all, on the day of her accident. Plaintiff did not admit, however, that she had seen a base become detached leaving the metal spike protruding from the ground or that she was aware of the possibility of such an event occurring. Nor did defendant offer an affidavit from an expert to demonstrate that such an occurrence was a risk inherent in the game of softball.

Even if we assume, arguendo, that the evidence submitted by defendant was sufficient to sustain its burden of demonstrating entitlement to judgment as a matter of law, plaintiff submitted an affidavit in opposition to the motion wherein she stated that a base that is properly secured "does not become unattached naturally and as a common incident" and that she did not perceive any risk that the base would become detached from the ground and cause a hazardous condition. That evidence raised a triable issue of fact concerning whether plaintiff had assumed the risk of her injuries.

All concur except Wisner and Balio, JJ., who dissent and vote to affirm in the following Memorandum.

Wisner and Balio, JJ. (dissenting). We respectfully dissent. The majority erroneously concludes that defendant failed to sustain its initial burden to establish a prima facie defense. Defendant submitted evidence sufficient to establish as a matter of law that plaintiff assumed the risk of her injury. " '[A]ssumption of risk in this form is really a *principle of no duty*, or no negligence and so *denies the existence of any underlying cause of action'* " (*Morgan v State of New York*, 90 NY2d 471, 485, quoting Prosser and Keeton, Torts § 68, at 496-497 [5th ed] [emphasis added]). Because defendant established that it owed no duty to plaintiff, it had no burden to establish that it did not create the allegedly dangerous condition or lacked notice of it.

Plaintiff, a physical education teacher, testified at a pretrial deposition that she was an experienced softball player, having played since the age of nine through high school and college. She testified that she had observed players sustain injuries when sliding into bases; that she knew the infield bases were fastened by a strap to a peg stuck in the ground; that fastening the bases to pegs was a common method utilized by others; that she had seen the bases come up when a player slid into them; and that she had played four games at defendant's park earlier that day, including two prior games on the same field earlier that day where she observed a base come out of the ground, peg and all.

Despite that proof, the majority concludes that there is a factual issue whether the risk of being injured by a metal peg when a player slides into the base and the base detaches from the peg is a risk inherent in the game of softball. In our view, there is no such factual issue and even assuming, arguendo, that there is, such an issue is irrelevant to application of the doctrine of primary assumption of risk.

The risk of injury from sliding into a base is inherent in the

game of softball (*see, Castello v County of Nassau*, 223 AD2d 571; *Totino v Nassau County Council of Boy Scouts*, 213 AD2d 710, 711, *lv denied* 86 NY2d 708; *Robinson v Town of Babylon*, 166 AD2d 434; *see also, Blancher v Metropolitan Dade County*, 436 So 2d 1077, 1079 [Fla]). Plaintiff was well aware, by reason of her considerable experience and observation, that sliding was an essential part of the game of softball and that the risk of injury from sliding was an inherent part of the game. In fact, 71% of all softball injuries sustained by players result from sliding into a base (*see,* Janda, Wild & Hensinger, *Softball Injuries—Aetiology and Prevention*, 13 Sports Med 285 [1992]). By playing the game, plaintiff voluntarily consented to the risk of injury from sliding into a base and contacting the metal peg in the ground (*see, Totino v Nassau County Council of Boy Scouts, supra; Robinson v Town of Babylon, supra; Blancher v Metropolitan Dade County, supra*). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278; *see, e.g., Griffin v Lardo*, 247 AD2d 825, *lv denied* 91 NY2d 814; *Swan v Town of Grand Is.*, 234 AD2d 934, 935; *Giovinazzo v Mohawk Val. Community Coll.*, 207 AD2d 980, *lv denied* 84 NY2d 813). In *Griffin*, a 12-year-old girl who was not an experienced golfer was injured when a golf club swung by another youth equally inexperienced struck her in the head. We applied the doctrine of assumption of risk, stating, "[I]t is irrelevant that plaintiff's daughter may not have anticipated the strength or width of defendant's swing" (*Griffin v Lardo, supra*, at 927). In *Swan*, which we cited with approval in *Griffin*, a softball player was injured when her foot became stuck as she attempted to slide into third base. We observed that "[t]he fact that plaintiff did not know what caused her foot to become stuck is of no moment" (*Swan v Town of Grand Is., supra*, at 935). Other appellate decisions consistently have applied the doctrine of primary assumption of risk to actions commenced by softball players injured when sliding into or stepping onto a base during a game (*see, e.g., Tiedemann v Notre Dame Academy*, 227 AD2d 545 [softball player injured sliding into third base, which was attached by strap to peg stuck in ground, even though player had never played before on field with that type of base]; *cf., Robinson v Town of Babylon, supra* [second base shifted underneath foot of softball player who stepped on base while attempting to make a double play]). Indeed, according to our research, the majority's decision will be the first published de-

cision in New York that has failed to apply the doctrine to an injury sustained by a player sliding into a base.

Plaintiff's testimony established that the manner in which the base was connected to the peg was not concealed and that the use of that type of base was not unique. Further, plaintiff presented no evidence that the use of this base "created a dangerous condition over and above the usual dangers that are inherent in the sport" (*Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 970; *see also, Morgan v State of New York, supra*, at 485). The majority's reliance upon *Siegel v City of New York* (90 NY2d 471) and *Stackwick v Young Men's Christian Assn.* (242 AD2d 878) is misplaced. In *Siegel*, a factual issue existed whether a torn net separating indoor tennis courts and not part of the court on which plaintiff was playing constituted an inherent risk of the sport of tennis. In *Stackwick*, a factual issue existed whether an unpadded cement wall seven feet beyond the basketball court constituted a risk beyond those inherent in the game of basketball. In the subject case, the base was within the field of play and plaintiff acknowledged that the type of base used by defendant was commonly used by others for softball games. Neither *Siegel* nor *Stackwick* has any application here. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Reargument.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.