■ KIMBERLY BARTON, an Infant, by BRADLEY S. BARTON, et al., Her Parents and Natural Guardians, et al., Appellants, v JUSTIN HAPEMAN, an Infant, by GARRY HAPEMAN, His Parent and Natural Guardian, et al., Respondents. [674 NYS2d 188] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action to recover for injuries sustained by their daughter, Kimberly, when, during a youth hockey game, she was allegedly "charged" and "cross-checked" from behind by Justin Hapeman, in violation of league rules. Plaintiffs additionally sued the league and the national organization that sponsors it. Supreme Court granted defendants' motions for summary judgment dismissing the complaint, holding that Kimberly had assumed the risk of Justin's conduct, which the court found was one of the "ordinary risks of hockey".

Kimberly assumed the risk of her injuries as a matter of law, and thus the court properly granted defendants' motions (see, Turcotte v Fell, 68 NY2d 432, 438-441; Rosenblatt v Kahn, 245 AD2d 438; Napoli v Mount Alvernia, 239 AD2d 325; Totino v Nassau County Council of Boy Scouts, 213 AD2d 710, 711, lv denied 86 NY2d 708; Marlowe v Rush-Henrietta Cent. School Dist., 167 AD2d 820, affd 78 NY2d 1096). At an examination before trial, Kimberly, who was 13 at the time of the incident, testified that she had been playing hockey in a league since she was three, had attended hockey camp almost every summer, was aware that the league in which she was playing was a "checking" league, and was aware of the risk of injury in playing hockey. We reject plaintiffs' contention that, because Justin's conduct violated the rules of the league, such conduct must be characterized as intentional or reckless, thus constituting an exception to the doctrine of assumption of risk. The conduct of the defendant jockey in Turcotte violated the rules of horse racing, but the Court nevertheless concluded that the plaintiff jockey had assumed the risk of his injury (see, Turcotte v Fell, supra, at 436, 441). Here, Justin's conduct was not a "flagrant infraction[] unrelated to the normal method of playing the game and done without any competitive purpose" (Turcotte v Fell, supra, at 441). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.

■ CHRISTINE BROCKLEBANK et al., Individually and as Administrators of the Estates of ANDREW BROCKLEBANK and