■ MARY M. UTKIN, Individually and as Parent and Natural Guardian of SARAH UTKIN, an Infant, Appellant, v JASON RADEMACHER, Respondent. [689 NYS2d 574] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff's 12-year-old daughter was injured while operating a three-person water balloon launcher with companions. She was holding one handle, defendant was holding the other and a third child pulled back on the launch pad to launch an egg. As the egg was launched, the handle slipped out of defendant's hand, striking plaintiff's daughter in the eye.

Contrary to plaintiff's contention, the doctrine of primary assumption of risk applies to recreational activities as well as organized sporting activities (*see, e.g., Griffin v Lardo,* 247 AD2d 825, *lv denied* 91 NY2d 814; *see also, Sorice v Captree Homes,* 250 AD2d 755; *Bierach v Nichols,* 248 AD2d 916). We conclude, however, that Supreme Court erred in deciding as a matter of law that plaintiff's daughter had assumed the risk of her injuries. In determining whether a plaintiff fully perceived the risk inherent in an activity, the trier of fact must consider, among other things, "the openness and obviousness of the risk, [a] plaintiff's background, skill, and experience" and whether the risk is inherent in the activity (*Lamey v Foley,* 188 AD2d 157, 164). Whether a plaintiff assumed the risk is a question for the jury; "dismissal of the complaint is appropriate only when the proof before the court reveals no triable issue of fact" (*Weller v Colleges of the Senecas,* 217 AD2d 280, 284).

We cannot conclude as a matter of law that plaintiff's 12-year-old daughter was fully aware of the risk of being hit in the eye by one of the slingshot handles (*see, Alessi v Boy Scouts of Am. Greater Niagara Frontier Council,* 247 AD2d 824). Although plaintiff's daughter admitted that she was aware of the risk of being struck in the eye by a projectile launched from the launcher, she did not admit that she perceived the risk of being struck by one of the handles, nor do the instructions that

accompanied the device warn of a danger of being struck by a handle of the device. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present— Hayes, J. P., Wisner, Pigott, Jr., Scudder and Callahan, JJ.