■ CAROL BRITTON, Individually and as Mother and Natural Guardian of DAVID J. BRITTON, an Infant, Appellant, v TIMOTHY NOE et al., Respondents. [715 NYS2d 201] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of the motion of Darryl Noe (defendant) seeking summary judgment dismissing the cause of action pursuant to General Obligations Law § 11-100. David J. Britton (Britton), then age 16, attended a party hosted by defendant's younger sister Audrey, also age 16, in her parents' absence. At Audrey's request, defendant procured alcoholic beverages for consumption at the party. According to the complaint, Britton was injured due to the intoxication of fellow guest Matthew Karoglen, then age 18, and such intoxication was knowingly caused by defendant's furnishing of alcoholic beverages for the party. Britton, a high school wrestler, was also intoxicated as the result of drinking alcoholic beverages at the party. He fractured his ankle while voluntarily engaged in an impromptu wrestling match with Karoglen on the garage floor.

The court properly dismissed the General Obligations Law § 11-100 cause of action because Britton's conduct constituted a primary assumption of risk. Britton testified at his deposition that he was intoxicated and that he was aware of the effects of alcohol and of the risk of injury when he voluntarily wrestled with Karoglen. Recovery is therefore barred by Britton's primary assumption of risk (*see, Morgan v State of New York*, 90 NY2d 471, 484, 486-488; *Bierach v Nichols*, 248 AD2d 916, 917-918; *Griffin v Lardo*, 247 AD2d 825, 826, *lv denied* 91 NY2d 814; *cf., Givens v Rochester City School Dist.*, 262 AD2d 933; *Heminway v State Univ.*, 244 AD2d 979, *lv denied* 91 NY2d 809). (Appeal from Order and Judgment of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.