■ ALAN KROLL, Individually and as Parent and Natural Guardian of BRITTANY KROLL, an Infant, Respondent, v ANDREW C.S. WATT et al., Appellants. [764 NYS2d 731] —Appeal from an order of Supreme Court, Erie County (Michalek, J.), entered April 19, 2002, which denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action to recover for injuries sustained by his 10-year-old daughter, Brittany, when she attempted to jump from a jogging trampoline to a swing set while playing at defendants' residence. Brittany testified at her deposition that, prior to the accident on August 12, 1996, she, defendants' children and other playmates had repeatedly jumped from the jogging trampoline to catch the top bar of the swing set throughout that summer. In order to do so, one child would stand on the trampoline to stabilize it while the other child made the jump. Brittany also testified that she and the other children continued to use the

trampoline during the week preceding the accident without incident, even though two or three of its legs had become "shaky and wobbly." Finally, Brittany testified that she had asked defendants' daughter Katie to stand on the trampoline to stabilize it. She undertook her jump mistakenly believing that Katie was so positioned, and the trampoline tipped over, causing Brittany to fall and fracture her left arm.

Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint based upon primary assumption of risk. To prevail based on that doctrine, defendants had to establish that Brittany was aware of, appreciated the nature of, and voluntarily assumed the risk that the trampoline would tip over and cause her to fall (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Papa v Russo*, 279 AD2d 744, 745 [2001]). The assessment of an injured person's awareness of the risk must include consideration of the skill and experience of that person (*see Morgan*, 90 NY2d at 486), as well as his or her age (*see Taylor v Massapequa Intl. Little League*, 261 AD2d 396, 397-398 [1999]). Here, Brittany testified at her deposition that she believed that Katie was standing on the trampoline when she attempted to make her jump, and thus she would not have assumed the risk of Katie's absence. Further, although Brittany was aware that the trampoline legs were "shaky and wobbly," she and the other children had jumped from it repeatedly throughout the previous week. Indeed, Brittany estimated that she had jumped and caught the swing set bar approximately 20 times on the day of the accident prior to her fall. Thus, plaintiff raised triable issues of fact whether Brittany was aware of, appreciated and voluntarily assumed the risk that the trampoline would cause her to fall (*see Convey v City of Rye School Dist.*, 271 AD2d 154, 158 [2000]; *Utkin v Rademacher*, 261 AD2d 840 [1999], *lv dismissed* 94 NY2d 796 [1999]; *cf. Palozzi v Priest*, 280 AD2d 986, 987 [2001]). Present—Wisner, J.P., Hurlbutt, Kehoe and Lawton, JJ.