■ NATALIE BELLO, an Infant, by Her Mother and Natural Guardian, MARILYN BELLO, et al., Appellants, v FIELDHOUSE AT CHELSEA PIERS et al., Respondents. [795 NYS2d 24]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about March 30, 2004, dismissing the complaint, unanimously reversed, on the law, without costs, and the complaint reinstated. Appeal from order, same court and

Justice, entered on or about February 11, 2004, granting defendants' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The infant plaintiff, Natalie Bello, attended a birthday party held at defendant Fieldhouse at Chelsea Piers, which is owned by defendant Chelsea Piers, L.P. and managed by defendant Chelsea Piers Management. After the children removed their shoes, an employee instructed a group of approximately 10 children how to walk along a balance beam, a task which the 10-year-old Natalie had no difficulty in performing. Next, an obstacle race was arranged. The children were divided into two groups and each group lined up in front of five balance beams, spaced evenly apart and situated parallel to the line of children. They were told to climb over the first beam and under the second, alternating until they reached the end of the row.

After the race began, Natalie climbed over the first beam and under the second, without incident. As she approached the third obstacle, she swung her right leg over the beam and placed her right foot on the ground. As she attempted to bring her left leg over the balance beam, her left foot caught the underside of the beam, causing her to fall forward. She fell on her left hand, fracturing her left arm and necessitating an open-reduction surgical procedure.

Defendants moved for summary judgment, contending that no view of the evidence supports the conclusion that inadequate supervision was provided or that such was the proximate cause of the injury. In opposition, plaintiffs averred that their pleadings, reasonably construed, allege that defendants failed to "exercise ordinary, reasonable care to protect athletes from unassumed, concealed or unreasonable, increased risks." Plaintiffs submitted the affidavit of a forensic examiner, who stated that there were too many children to supervise safely and that the activity in which the children engaged "represents an improper use of the equipment," since the balance beams were utilized for a purpose for which they were not intended.

Supreme Court dismissed the complaint, finding that plaintiffs failed to demonstrate that injury resulted from "unassumed, concealed, or unreasonably increased risks." The court rejected plaintiffs' contentions that one instructor for 10 children was inadequate and that inadequate supervision was a proximate cause of the injury sustained.

We perceive a factual question regarding the infant plaintiff's capacity to appreciate the risk associated with the use of an unfamiliar piece of equipment for an unintended purpose. While a

participant in a recreational activity or sporting event "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]), assumption of the risk presumes awareness, to which the participant's skill and level of experience are material (*id.* at 486; *see also Maddox v City of New York*, 66 NY2d 270, 278 [1985]). Given the infant plaintiff's young age and lack of experience with the balance beam, issues of fact exist as to whether she assumed the risks inherent in running through an obstacle course of balance beams created by defendant's employee.

Where an instructor has explained how to use athletic equipment, "demonstrated proper techniques" and observed a child's use of the device, the organizer has fulfilled its duty of care (*David v County of Suffolk*, 1 NY3d 525, 526 [2003]). While there is proof that defendants' employee adequately instructed the children in the traditional exercise of walking on a balance beam, no evidence indicates that instruction was given on the nontraditional exercise of climbing over one. The course, utilizing an unfamiliar apparatus in an unusual way, presented the 10-year-old child with conditions that she would not be expected to have encountered as a matter of normal experience (*cf. Fintzi v New Jersey YMHA-YWHA Camps*, 97 NY2d 669 [2001] [wet grass]; *Auwarter v Malverne Union Free School Dist.*, 274 AD2d 528 [2000] [familiar playground equipment]). Further, it is unclear whether the infant plaintiff observed other children engaging in this activity before participating in the obstacle race (*cf. Sajkowski v Young Men's Christian Assn. of Greater N.Y.*, 269 AD2d 105, 106 [2000]). Concur—Tom, J.P., Mazzarelli, Saxe, Ellerin and Nardelli, JJ.