■ CHRISTOPHER MAYER, Appellant, v DAVID GULMI, Respondent. [883 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Putnam County (O'Rourke, J.), entered March 17, 2008, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by his brief, from so much

of an order of the same court entered June 2, 2008, as, upon renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order entered March 17, 2008, is dismissed, as that order was superseded by the order entered June 2, 2008, made upon renewal and reargument; and it is further,

Ordered that the order entered June 2, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff was injured during a floor hockey game in a high school physical education class. The plaintiff was controlling the ball when he allegedly tripped and fell over the hockey stick of the defendant, a player on the opposing team. The plaintiff alleges that the defendant intentionally or recklessly threw the hockey stick between his legs. At his deposition, the defendant denied throwing his hockey stick, claiming that he was reaching for the ball when his stick became entwined in the plaintiff's feet, at which time he dropped his stick. The plaintiff testified that he did not see the defendant throw the stick but that another player told him after the accident that the defendant had thrown it. The other player testified at a deposition in a related case (*see Mayer v Mahopac Cent. School Dist.,* 29 AD3d 653 [2006]) that he was behind the defendant when the incident occurred and that, at the time, both the plaintiff and the defendant were trying to take control of the ball. The other player concluded that, based upon where the defendant's stick landed, the defendant had thrown it.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. A participant in a sport assumes all commonly appreciated risks inherent in that sport but does not assume the risks of reckless or intentional conduct (*see Morgan v State of New York,* 90 NY2d 471, 484-485 [1997]; *Turcotte v Fell,* 68 NY2d 432, 439-440 [1986]). Here, the defendant met his initial burden of establishing his entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The deposition testimony of eyewitness Borrero submitted in opposition to the motion failed to raise an issue of fact whether the defendant's conduct constituted a "flagrant infraction[ ] unrelated to the normal method of playing the game and done without any competitive purpose" (*Turcotte v Fell,* 68 NY2d 432, 441 [1986]) and thus not a risk assumed by the plaintiff (*see Zielinski v Farace,* 291 AD2d 910 [2002]; *Barton v Hapeman,* 251 AD2d 1052 [1998]; *cf. Keicher v Town of Hamburg,* 291 AD2d 920 [2002]). Mastro, J.P., Fisher, Eng and Hall, JJ., concur.