■ TAYLOR MORABITO et al., Appellants, v ANDREW MAC-ARTHUR et al., Respondents. [894 NYS2d 110]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated May 20, 2008, as granted those branches of the motion of the defendants Andrew MacArthur, Alice Dawn MacArthur, and Mark E. MacArthur, and the separate motion of the defendants Great Neck Union Free School District, Great Neck Public School District, and Great Neck Public Schools Board of Education, which were for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion, inter alia, for leave to file a late note of issue.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The infant plaintiff was injured during a varsity interscholastic soccer game when he collided with the defendant Andrew MacArthur, a player for Great Neck South High School.

The plaintiffs brought this action against Andrew MacArthur, Alice Dawn MacArthur, and Mark E. MacArthur (hereinafter collectively the MacArthur defendants), asserting, inter alia, a cause of action to recover damages for battery committed by Andrew MacArthur. The plaintiffs also sued Great Neck Union Free School District, Great Neck Public School District, and Great Neck Public Schools Board of Education (hereinafter collectively the Great Neck defendants) alleging, among other things, negligent supervision.

The Great Neck defendants and the MacArthur defendants, respectively, moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted those branches of the motions. We affirm.

The Supreme Court properly granted those branches of the motion of the MacArthur defendants and the motion of the Great Neck defendants which were for summary judgment dismissing the complaint insofar as asserted against them, since they established their prima facie entitlement to judgment as a matter of law by demonstrating that the infant plaintiff assumed the risks of contact with another player during the course of playing soccer (*see Mayer v Gulmi*, 64 AD3d 754, 755 [2009]; *Paca v City of New York*, 51 AD3d 991, 993 [2008]; *Manoly v City of New York*, 29 AD3d 649, 649-650 [2006]; *Sutton v Eastern*

*N.Y. Youth Soccer Assn., Inc.*, 8 AD3d 855, 857 [2004]; *Glazier v Keuka Coll.*, 275 AD2d 1039 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly awarded summary judgment to these defendants dismissing the complaint insofar as asserted against them.

In light of our determination, we need not address the plaintiffs' remaining contentions. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.