# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**546**

**CA 10-02520**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

RENEE HYDE, INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF RACHAEL HYDE, AN INFANT,
PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

NORTH COLLINS CENTRAL SCHOOL DISTRICT,
DEFENDANT-APPELLANT.

---

HURWITZ & FINE, P.C., BUFFALO, CONGDON, FLAHERTY, O'CALLAGHAN, REID,
DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE GASSER OF COUNSEL),
FOR DEFENDANT-APPELLANT.

MICHAEL MENARD, HAMBURG, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered October 7, 2010 in a personal
injury action. The order, insofar as appealed from, denied
defendant's motion for summary judgment with respect to the issue of
assumption of risk.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff, individually and as parent and natural
guardian of her daughter, commenced this action seeking damages for
injuries sustained by her daughter when she slid into second base
during a junior varsity softball game. We conclude that Supreme Court
properly denied that part of defendant's motion to dismiss the
complaint based on the theory of assumption of risk. "[B]y engaging
in a sport or recreational activity, a participant consents to those
commonly appreciated risks [that] are inherent in and arise out of the
nature of the sport generally and flow from such participation"
(*Morgan v State of New York*, 90 NY2d 471, 484). A plaintiff is deemed
to have assumed the risk where the "injury-causing events . . . are
known, apparent or reasonably foreseeable consequences of the
participation" (*Turcotte v Fell*, 68 NY2d 432, 439). If the plaintiff
fully comprehends the risks of the activity or the risks are
" 'perfectly obvious, [then the] plaintiff has consented to them and
[the] defendant has performed its duty' " (*Morgan*, 90 NY2d at 484,
quoting *Turcotte*, 68 NY2d at 439). It is not necessary that the
injured plaintiff foresee the exact manner in which the injury occurs,
as long as he or she was " 'aware of the potential for injury of the
mechanism from which the injury results' " (*Curtis v Town of Inlet*, 32

AD3d 1311, 1312, quoting *Maddox v City of New York*, 66 NY2d 270, 278).
Awareness of the risk must be " 'assessed against the background of
the skill and experience of the particular plaintiff' " (*Morgan*, 90
NY2d at 486).  Although even a plaintiff who is a novice is expected
to appreciate the obvious risks inherent in a sport (*see Griffin v
Lardo*, 247 AD2d 825, *lv denied* 91 NY2d 814), there are several factors
that must be taken into account, including the age of the plaintiff
and the plaintiff's skill and experience (*see Kroll v Watt*, 309 AD2d
1265; *see also Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 820,
*lv denied* 9 NY3d 817).

"Generally, the issue of assumption of risk is a question of fact
for the jury" (*Lamey v Foley*, 188 AD2d 157, 164).  Here, plaintiff's
daughter had some prior experience playing softball and understood
that sliding was part of the game, although she testified at the
General Municipal Law § 50-h hearing that she was never taught how to
slide and had never attempted to slide in practice.  She further
testified that no more than five minutes were spent discussing the
topic in practice.  Immediately before the game at issue, the umpire
informed plaintiff's daughter that if it was a close play and the
runner did not slide or was not on the ground, she would be called
out.  Plaintiff's daughter had observed her teammates on other teams
slide and get injured, but she had never seen any of them suffer a
serious injury.  Under those circumstances, we conclude that there is
a question of fact whether, based on her experience, plaintiff's
daughter was aware of and appreciated the risks of sliding (*see Taylor
v Massapequa Intl. Little League*, 261 AD2d 396, 397-398).

Defendant contends for the first time on appeal that the
negligent hiring claim should have been dismissed, and thus that
contention is not properly before us (*see Ciesinski v Town of Aurora*,
202 AD2d 984, 985).

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court